UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

THOMAS A. SIMON,

    Plaintiff,        Case No. 1:12-cv-1184

v.               Honorable Robert Holmes Bell

UNKNOWN TRIEWELLER et al.,

    Defendants.
_____/

## **OPINION**

    This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against all Defendants except Defendants Trieweller, Robertson and Warr. The Court will order the complaint served on Defendants Trieweller, Robertson and Warr.

**Discussion**

I.      Factual allegations

Plaintiff Thomas A. Simon presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC). He sues the MDOC Bureau of Health Care, the Michigan Parole Board (MPB), the Federal Bureau of Investigation (FBI), the Michigan State Police (MSP), the United States Attorney General (USAG), the Michigan Department of Civil Rights (MDCR), and the following individuals: IBC Warden Ken McKee; IBC Assistant Deputy Warden (unknown) Trieweller; IBC Lieutenants (unknown) Makara and (unknown) Wise; IBC Resident Unit Manager (unknown) Mote; Corrections Officers (unknown) Robertson and (unknown) Warr; MDOC Director Daniel Hienz[1]; Michigan Governor Rick Snyder; Lieutenant Governor Brian Calley; the unknown Director of the FBI; MSP Director Eddie Washington; former United States Attorney for the Western District of Michigan Donald Davis; Michigan Attorney General (AG) Bill Schuette; Corrections and Criminal Division Assistant AGs Richard Cunningham and James E. Long; Criminal Justice Bureau Chief Thomas Cameron; Chief Deputy AG Carol Isaacs; Strategic Policy Analyst Bill Rustern; Dick Posthumus; Civil Rights Operations Director Lori Vinson; Law Commission members Richard D. McLellan, Bruce Patterson, Ray Basham and Mark Meadows; U.S. Representatives Dave Camp, Dan Benishek, Bill Huizenga, Justin Amash and Dale E. Kildee; U.S. Senators Carl Levin and Debbie Stabenow; Ionia County Prosecutor Ronald J. Schafer; and Ionia County Sheriff Dwain Dennis.

---

[1] Plaintiff spells the name of the MDOC Director as "Hienz," rather than "Heyns." Although incorrect, for purposes of this opinion, the Court will refer to the Director as he has been named in the complaint.

Plaintiff alleges that in August 2012, for 32 consecutive days, he was deprived of all food and beverages. Prison authorities listed the incident as a hunger strike, but Plaintiff contends that he was forced to decline his food because Defendant Robertson, who claimed to be HIV-positive, was spitting in his meal trays. Other officers, including Defendant Warr, were threatening and harassing Plaintiff. Plaintiff alleges that he complained to Defendants Makara, Wise and McKee. In response, Defendant Trieweller came to Plaintiff's cell to investigate, but he allegedly did not discipline the offending employees or take corrective action. Plaintiff alleges that Defendant Makara was negligent or grossly negligent because, as the person responsible for day-shift operations, he failed to prevent Robertson from continuing his abuse and failed to discipline Robertson and Warr. Plaintiff also alleges that the MDOC made no attempt to help or treat Plaintiff, demonstrating gross negligence and malpractice. In addition, Plaintiff asserts that he contacted all named state and federal officials, none of whom took any action to protect Plaintiff. Further, he alleges that he contacted the FBI, MSP, and the MDCR, none of whom responded to his complaints.

According to Plaintiff, all Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. He also alleges that, because Plaintiff is mentally handicapped and diagnosed with bi-polar disorder and schizophrenia, Defendants' conduct constitutes "vulnerable adult abuse" within the meaning of MICH. COMP. LAWS §§ 750.145, 750.149.

Plaintiff seeks injunctive relief, including an order to prosecute officers Robertson, Warr and Makara, together with compensatory damages.

II.     Immunity

Plaintiff may not maintain a § 1983 action against the MDOC Bureau of Health Care, the MPB, the MSP, and the MDCR. Regardless of the form of relief requested, the states and their

departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). The MBP and the Bureau of Health Care, as part of the MDOC, are immune from injunctive and monetary relief. *See Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) (Michigan Parole Board entitled to Eleventh Amendment immunity); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 492 (6th Cir. 2004) (same); *Fleming v. Martin*, 24 F. App'x 258, 259 (6th Cir. 2001) (same). Similarly, the MDCR and the MSP are political subdivisions of the state, protected by sovereign immunity. *See Satkiewicz v. Michigan*, No. 11-cv-14370, 2012 WL 3778983, at *2 (E.D. Mich. May 29, 2012) (MDCR entitled to Eleventh Amendment immunity); *Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999) (MSP entitled to sovereign immunity). In addition, the State of Michigan (acting through its departments) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the MDOC Bureau of Health Care, the MPB, the MDCR, and the MSP.

Similarly, "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . ." *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *see also United States v. Dalm*, 494 U.S. 596, 608 (1990); *Whittle v. United States*, 7 F.3d 1259, 1261 (6th Cir. 1993). The principle extends to agencies of the United States as well, which are immune absent a showing of a waiver of sovereign immunity. *See United States v. Testan*, 424 U.S. 392 (1976). Plaintiff bears the burden of establishing subject matter jurisdiction of the court over his claim. *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980). The federal question jurisdictional statute is not a general waiver of sovereign immunity; it merely establishes a subject matter that is within the competence of federal courts to entertain. *See Coggeshall Development Corp. v. Diamond*, 884 F.2d 1, 4 (1st Cir. 1989) (discussing 28 U.S.C. § 1361 in a similar context). Sovereign immunity also protects officers and employees from suit in their official capacities. *See Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 820 (6th Cir. 2007). Plaintiff fails even to allege that the United States has waived immunity for the decisions of the USAG, the FBI and the FBI Director in choosing what matters to investigate.[2] They therefore are entitled to sovereign immunity.

III.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[2]Although § 1983 does not provide relief against federal officials, the Court construes Plaintiff's complaint as raising claims against these federal Defendants under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

(2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.     Supervisory Liability

Plaintiff fails to make specific factual allegations against Defendants Hienz, Snyder, Calley, Washington, Davis, Schuette, Long, Cunningham, Cameron, Isaacs, Rustern, Posthumus,

Krichbaum, Vinson, McLellan, Patterson, Basham, Meadows, Camp, Levin, Benishek, Stabenow, Huizenga, Amash, Kildee, Schafer, Dennis, McKee, Makara, Mote and Wise, other than his claim that they failed to conduct an investigation in response to letters of complaint, kites, or grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Hienz, Snyder, Calley, Washington, Davis, Schuette, Long, Cunningham, Cameron, Isaacs, Rustern, Posthumus, Krichbaum, Vinson, McLellan, Patterson, Basham, Meadows, Camp, Levin, Benishek, Stabenow, Huizenga, Amash, Kildee, Schafer, Dennis, McKee, Makara, Mote and Wise engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

Moreover, to the extent that Plaintiff claims that any federal or state Defendant failed to criminally prosecute Defendant Robertson, he fails to state a claim for an additional reason. A private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 63 (1986). Simply put, Plaintiff cannot compel a

criminal prosecution of Defendants because private citizens, whether or not they are incarcerated, cannot compel a criminal prosecution of another. *See Diamond*, 476 U.S. at 64-65; *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Martin v. Koljonen*, No. 03-2169, 2004 WL 445720, at *1 (6th Cir. Mar. 9, 2004).

IV. Remaining Defendants

The Court concludes that Plaintiff's allegations against Defendants Trieweller, Robertson and Warr are sufficient to warrant service of the complaint.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that all Defendants except Defendants Trieweller, Robertson and Warr will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), on grounds of immunity or for failure to state a claim. The Court will serve the complaint against Defendants Trieweller, Robertson and Warr.

An Order consistent with this Opinion will be entered.

Dated: January 15, 2013                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE